IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MANETIRONY CLERVRAIN and JEAN RONADO, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.  2:22-cv-188-WKW-CWB ) |
| STEVEN TROY MARSHALL, et al., | ) ) ) |
| Defendants. | ) |

## <u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

On June 8, 2022, Plaintiffs were directed to each file a properly supported motion for leave to proceed *in forma pauperis* no later than June 30, 2022. (Doc. 13).  Following Plaintiffs' failure to do so, the undersigned entered an Order dated November 17, 2022 that denied *in forma pauperis* status and directed Plaintiffs to submit the $350.00 filing fee and the $52.00 administrative fee by December 1, 2022.  (Doc. 14).  Plaintiffs were expressly cautioned that "[f]ailure to submit the required fees as directed will result in a recommendation that the action be dismissed." (*Id.*).  Despite that admonition, Plaintiffs have taken no remedial action.  In fact, Plaintiffs have taken no action whatsoever since their initial filings on April 20, 2022.  (Docs. 1-9).

It is settled that pro se litigants are required to conform to procedural rules and obey court orders.  *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017).  So too is it settled that courts have authority to impose sanctions for failure to prosecute or obey an order.  *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962).  Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.*  It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id.*

1

at 630–31.  Under the circumstances now presented, the undersigned finds that sanctions lesser than dismissal would not be appropriate. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

Accordingly, the undersigned hereby **RECOMMENDS** that this case be **DISMISSED** without prejudice for failure to prosecute and abide by directives of the court.

It is **ORDERED** that any objections to this Recommendation must be filed no later than December 27, 2022.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 12th day of December 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**